JOSHUA WEBSTER & others *vs.* WILLIAM P. FOSTER.

A separate sale on execution of the right to redeem from a mortgage one of two parcels of land included therein, although situated in different counties, passes no title, and will not support a bill in equity to redeem the land so sold from the mortgage.

BILL IN EQUITY to redeem land in Middlesex from a mortgage The case was heard by *Bigelow*, J., and reserved for the consideration of the full court, upon the following agreed facts:

Benjamin Abbott in 1828 conveyed the property in question to William Foster, the father of the defendant, by a warranty deed, taking back a bond for a reconveyance upon the repayment of a sum of money by Abbott. In 1836 this bond was given up, and a new bond given, which was conditioned to convey to Abbott several tracts of land in Essex County, in addition to the premises sought to be redeemed, upon the payment by Abbott of one gross sum. William Foster had been in possession of the premises in his lifetime, and continued to be until his death; and the defendant is his sole heir.

In 1837, the right to redeem the premises in Middlesex was sold to the plaintiffs, on execution against Abbott, separately from the right to redeem the lands in Essex, which had been previously sold upon another execution against him.

*W. L. Burt,* for the plaintiffs.

*J. G. Abbott & J. W. Perry,* for the defendant

BIGELOW, J.   It was said by this court, in *Johnson* v. *Stevens,* 7 Cush. 435, that " when a mortgage is made of different tracts of land, we know of no law by which the equity of redeeming one of the tracts only can be sold."   No reasons are there given for this *dictum;* but, taken in connection with the argument which it was intended to illustrate, it seems to have been founded on the idea that a right to redeem a mortgage is a specific and distinct legal interest, the title to which cannot be severed into different parts by creditors or purchasers against the consent of the original parties to the conveyance, but must be regarded as an entire subject or *res* in all proceedings whereby derivative rights are to be created under it, either by a levy or a sale on execution.   This principle was distinctly enunciated in *Pierce* v. *Bancroft,* 5 Met. 93, where it was declared that an equity of redemption is necessarily single and indivisible, and there can be but one rightful and valid sale, and but one party can have a right to redeem.   Such was clearly the nature of the right which was contemplated by the legislature in the provisions contained in the Rev. Sts. *c.* 73, §§ 31–44, regulating the seizure and sale on execution of rights of redeeming mortgaged real estate; especially in those clauses of the statute which give to the judgment creditor or the purchaser of the equity the right to pay " the debt due on the mortgage," and entitle him to hold the premises after such payment " as assignee of the mortgage," in case they are not redeemed in the terms and manner provided by law.   It is the right to redeem the entire estate included in the mortgage, by the payment of the whole debt due upon it, which the creditor can take and sell on execution in satisfaction of his debt.   So far as regards the rights of the mortgagee, this is plain enough.   He cannot be compelled to apportion his debt among different parcels of land, or different portions of the same parcel, according to the rights which creditors or purchasers have acquired therein by separate and distinct levies or sales on the several parcels or portions.   His mortgage covers all that was conveyed to him by the deed as security for his entire debt, and he can well insist on the payment of the whole before he can be called upon to release any

part of the land. *Platt* v. *Squire,* 5 Cush. 551. *Gibson* v. *Crehore,* 5 Pick. 152.

It is equally clear that, if we regard the rights of the mortgagor, the equity of redemption cannot be split up into parts, and levied on and sold by different creditors in parcels, according to the amount of their several executions, or in any other mode which their views of convenience or expediency may dictate. The right of redemption is entitled to favorable consideration, and that construction of the statute should be adopted, which will best tend to preserve its value, and secure to the mortgagor or owner of the right of redemption the surest means of redeeming it, or realizing the full benefit of it in discharge of his debts. It was on this ground that it was held in *Fletcher* v. *Stone,* 3 Pick. 250, that two or more rights to redeem several parcels of land from distinct mortgages could not be sold together for one gross sum, the mortgagor being entitled to redeem each lot separately, without being compelled to redeem all. The converse of the proposition would seem to be true. The mortgagor has the right to redeem all of several parcels included in one mortgage, by the payment of one sum to the holder of the mortgage. But this right would be essentially changed if creditors could take and sell on execution the right to redeem separate and distinct lots or parcels of the mortgaged estate. The right of redemption, which was before single and entire, would thereby become converted into as many distinct rights or equities as there were separate levies or sales by different creditors; and in many cases the value of the right of redemption might be materially affected, and a much smaller sum realized by a sale of the right to redeem separate lots than if the right to redeem the whole were disposed of in one sale.

Nor is such a division or separation of a right to redeem lands included in one mortgage necessary to enable creditors of the mortgagor to obtain the full value of the right in satisfaction of their claims. When the whole right is sold on the first attachment or seizure, the surplus remains in the hands of the officer, to be disposed of in the same manner as is provided in case of the sale of goods, in discharge of other claims against

the owner of the right in equity, in the order in which the attachments or seizures are made. Rev. Sts. *c.* 73, § 37; *c.* 97, §§ 30, 32. These provisions are very significant, as showing the intent of the legislature to provide for the sale of a right to redeem lands included in one mortgage as a distinct subject, which could not be properly divided and sold in parts.

Such being the nature of the right which a creditor may attach and sell on execution, it does not change its charac ter when it passes into the hands of a creditor by levy, or of a purchaser by a sale on execution. It is the single indivisible right of redeeming all the lands included in the mortgage, by the payment of the whole debt, which is thereby acquired. If the sum paid for the right is not repaid to the creditor or purchaser within one year, he then becomes the owner in fee of the entire premises, subject to the mortgage, although they may consist of many separate and distinct parcels. It can make no difference that the lands included in the mortgage are situated in different counties. The right to redeem is still the same. There cannot be two owners of the fee subject to the mortgage. The right to redeem cannot be taken and sold on different executions by separate sales in the several counties where the land lies, because the effect would be to vest the entire fee of the whole estate, subject only to the mortgage, in different persons.

Besides, there is no authority for subjecting any particular part of the land included in the mortgage to the whole debt secured by it. All the lands are made equally liable for the debt; and a creditor has no right to select any portion lying in one county, and, by selling the right to redeem it, place a greater incumbrance on it than was intended by the original parties to the conveyance.

It follows that, if a valid attachment or sale on execution of the right to redeem different parcels of land comprehended in one mortgage, and lying in separate counties, can be made at all, it can only be done by virtue of the lien which the attachment or seizure of the right in one county creates and establishes on the whole estate. Such an attachmen' or seizure,

if valid, must take precedence of any other subsequently made in another county, and be effective to transfer the entire right of redeeming the whole estate.

It is true that the owner of a right to redeem several parcels of land subject to one mortgage, may convey it in separate tracts or lots to different individuals, and thereby vest a title in each of his grantees to the parcel or lot conveyed to him, subject to the payment of the whole mortgage debt. But this he may do because he has the entire *jus disponendi,* and may convey it as he pleases, so long as he does not in any way affect the rights of the mortgagee. *Volenti non fit injuria.* But a creditor or purchaser acquires no such right by a seizure or sale on execution. He acquires only that which the statute gives him, which is to seize or sell the right to redeem the whole land mortgaged from the whole debt secured by the mortgage.

The plaintiffs in this case can claim a right to redeem only by showing that this right has passed to them by the deed of the officer. His deed operates only as the execution of a statute power, and nothing passes by it unless all the proceedings are regular and the sale was made pursuant to the provisions of law. But they were fatally defective. He did not sell the right to redeem all the land included in the mortgage, but only the right to redeem that part which was situated in the county of Middlesex. For the reasons already given, the sale was invalid, and the plaintiffs took nothing by their deed, and show no right to redeem the premises.

*Bill dismissed*